## Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K
Brooklyn, New York 11230
t: (718) 783-3682
e: ezra@spilkelaw.com
www.spilkelaw.com

February 18, 2021

**BY ECF**
The Honorable Laura Taylor Swain
United States District Court
Southern District of New York          MEMO ENDORSED
500 Pearl Street
New York, New York 10007

Re:   *United States v. Fertides et al.*, No. 18 Cr. 319 (LTS)

Dear Judge Swain:

     I write to update the Court on the status of Noel Martinez's state court proceedings.[1] In connection with those proceedings, I also write to respectfully request a thirty-day adjournment of the control date of February 26, 2021, for Noel Martinez's sentencing hearing. I have conferred with counsel for the government who has no objection to this request.

     Mr. Martinez filed the motion to vacate on September 22, 2020. The People responded to the motion on January 28, 2021, and did not oppose it. The People stated:

> [T]he People's intention in this matter was that the sentence imposed on the instant case run concurrent to any sentence that might be imposed on the defendant's federal case. Based on the affirmation of Geoffery Stewart, Esq., prior counsel for the defendant, that was his intention and understanding as well.

As Mr. Martinez maintained and his state lawyer and the People acknowledged, that intention was frustrated by the operation of the United States Code. Mr. Martinez's brief and supplemental brief and the People's brief are attached together as Exhibit B.

---

[1] The Court previously granted Mr. Martinez's request for an adjournment on September 23, 2020, to allow Mr. Martinez to litigate a motion, filed in New York Supreme Court for the County of New York, to vacate his conviction. *See* ECF Nos. 280, 283. Attached to this letter is the Court's memo endorsement as Exhibit A.

Hon. Laura Taylor Swain
February 18, 2021
Page 2 of 4

The People explained in its response:

Because the defendant was transferred [into federal custody] with a detainer from the city corrections system, federal corrections officials deem the state to be the primary incarcerating jurisdiction. As presently situated, when the defendant is sentenced on his federal case, he will be returned to the state corrections system to serve the sentence on this matter, and then will enter the federal corrections to serve the full sentence imposed on the federal indictment. The operation of this process is described in detail in the decision published as *United States vs. Smith*. 812 F. Supp. 368 (E.D.N.Y. 1993).

People's Reply at ¶ 5 (internal footnote omitted).[2] On February 11, 2021, Judge Kiesel granted Mr. Martinez's motion and vacated the plea of guilty. Judge Kiesel's decision is attached as Exhibit C.[3]

---

[2] The Court in *Smith* observed the following:

A federal sentence does not begin to run, however, when a defendant is produced for prosecution in federal court pursuant to a federal writ of *habeas corpus ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.

812 F. Supp. at 370.

[T]he first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration. This jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence.

*Id.* at 370 n.2 (internal citation omitted); *accord United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005) (citing *Smith*, 812 F. Supp. at 370 n.2).

[3] Judge Kiesel further indicated that she would not impose a concurrent sentence should Mr. Martinez again plead guilty to the attempted robbery in the second degree with which he is again charged. On February 11, counsel for the People and for Mr. Martinez notified Judge Kiesel that they intend to file a motion to reargue that portion of the court's decision. However, I do not anticipate that the outcome or pendency of the re-argument motion has any bearing on sentencing in this matter.

Briefly, the parties contend that whatever sentence the state court would impose in an hypothetical, future scenario was not ripe for decision. The question before the

Hon. Laura Taylor Swain
February 18, 2021
Page 3 of 4

Mr. Martinez was brought into federal custody on a writ on September 12, 2018. In order for Mr. Martinez to receive credit for the twenty-nine months he has spent in federal custody, twelve of which under nightmarish lockdown and/or pandemic conditions, is for New York State authorities to relinquish its priority *before* this Court sentences him.

I am discussing with the Assistant District Attorneys assigned to the state case how to accomplish that quickly. The ADAs believe based on their past experience in similar cases that the state court can "release" Mr. Martinez on bail without his personal appearance in court. The state authorities would then have no claim on the body of Mr. Martinez, and the federal authorities would assume primary jurisdiction. However, whether the state court will agree to make a bail decision without Mr. Martinez's personal appearance is unclear at this time. We hope to have an answer to that question by next week. Should the state court require personal appearance, arranging a transfer is expected to take weeks.

For these reasons, Mr. Martinez respectfully requests a thirty-day adjournment of the February 26 sentencing hearing in the hopes that the state court can make the bail decision without Mr. Martinez's personal appearance. The government does not oppose this application. Should the state court not agree to Mr. Martinez's waiver of appearance, I will update the Court immediately.

In response to a request from Chambers as to Mr. Martinez's personal appearance at sentencing, it is Mr. Martinez's preference to proceed in person. However, it has been several weeks since I had a conversation with Mr. Martinez about this particular question and his preference for an in-person hearing may have decreased or switched in light of the continued unbearable conditions within the MCC.

Mr. Martinez and I greatly appreciate the Court's continued understanding in this important matter.

Respectfully submitted,

*/s Ezra Spilke*

---

court was whether Mr. Martinez received the ineffective assistance of counsel such that his plea of guilty was not made knowingly, voluntarily or intelligently. The parties also maintain that Judge Kiesel's interpretation of 18 U.S.C. § 924(c)(l)(D) was incorrect. Judge Kiesel interpreted that provision to be binding on courts imposing sentence *after* the imposition of a sentence under § 924(c). Finally, the People and Mr. Martinez maintain that the conduct underlying the federal and the state cases are related and intend to present evidence to that effect at sentencing in state court.

Hon. Laura Taylor Swain
February 18, 2021
Page 4 of 4

                                          Ezra Spilke
                                          1825 Foster Avenue, Suite 1K
                                          Brooklyn, New York 11230
                                          (718) 783-3682
                                          *Counsel for Noel Martinez*

cc:    All counsel of record by ECF


The sentencing is adjourned to April 6, 2021, at 11:00 a.m.  Defense counsel must inform the Court no later than March 25, 2021, as to whether the defendant wishes to proceed in person or to proceed by remote means and waive his right to appear in person.  DE #366 resolved.
SO ORDERED.
2/19/2021
/s/ Laura Taylor Swain, USDJ