UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                           :
:
-v-                                 :        18-CR-319 (LTS)
:
NOEL MARTINEZ,                                       :
:
Defendant.           :
:
------------------------------------------------------------------------X

<u>ORDER</u>

The Court has received a letter dated June 27, 2021, from Defendant Noel Martinez, requesting that the Court appoint him new counsel in connection with an anticipated motion to vacate or modify his sentence pursuant to 28 U.S.C. section 2255, as well as in connection with his "appeal process," in order to present "an ineffective assistance of counsel claim" based on alleged errors related to his sentencing on May 20, 2021. Mr. Martinez's counseled appeal of that sentence is currently pending before the Second Circuit. See <u>United States v. Noel Martinez</u>, No. 21-1388 (2d Cir. 2021).

Mr. Martinez's "filing of a notice of appeal [was] an event of jurisdictional significance—it confer[red] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." <u>Ching v. United States</u>, 298 F.3d 174, 180 n.5 (2d Cir. 2002) (quoting <u>Griggs v. Provident Consumer Disc. Co.</u>, 459 U.S. 56, 58 (1982)). Because Mr. Martinez is appealing his May 20, 2021, sentence, this Court is without jurisdiction to grant any motion he might make pursuant to 28 U.S.C. section 2255 to vacate or modify that sentence. <u>United States v. Ransom</u>, 866 F.2d 574, 576 (2d Cir. 1989) (the district

court may not make "substantive modifications of judgments" once an appeal has been filed).[1]

The Court therefore denies Mr. Martinez's request for the appointment of counsel in connection with an anticipated motion pursuant to 28 U.S.C. section 2255, without prejudice to renewal after jurisdiction of Mr. Martinez's case has been returned to this Court.

To the extent Mr. Martinez requests the appointment of counsel in connection with his pending counseled appeal, he must seek that relief before the Second Circuit, and the Court encourages Mr. Martinez to raise and discuss his request with his appointed counsel.

Because Mr. Martinez's letter dated June 27, 2021, includes his complete unredacted birth date and encloses portions of the confidential presentence report prepared in this case, the Court will file a redacted version of that letter on the public docket, and a complete unredacted copy under seal.

The Court directs counsel for Mr. Martinez to promptly provide a copy of this Order to Mr. Martinez.

SO ORDERED.

Dated: New York, New York
July 16, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). In this case, the Court defers consideration of any section 2255 motion until after Mr. Martinez's appeal is resolved.